## JOHN HARRIS v. THE STATE.

### No. 3587.    Decided June 5, 1907.

**1.—Burglary—Charge of Court—Elements of Offense—Ownership—Consent.**

Where upon trial for burglary the indictment charged that the same was committed with intent to steal the property of prosecutrix, it was necessary for the court to charge the jury with reference to the constituent elements of theft, and not that the taking must be with the consent of prosecutrix.

**2.—Same—Special Ownership—Charge of Court.**

Where upon trial for burglary, the prosecutrix testified that the clothing alleged to have been stolen was in her possession as a pledge, and another State witness testified that she saw defendant when he took the clothes and that he told the witness that they were his and the prosecutrix refused to let him have them, the court should have charged on defendant's claim of right to the clothes.

Appeal from the Criminal District Court of Harris.  Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Brockman & Kahn* and *E. T. Branch,* for appellant.—On question of charge of court: Keith v. State, 94 S. W. Rep., 1046; Sowell v. State, 32 Texas Crim. Rep., 498. On question that the court should have charged on defendant's claim of right to property: Harris v. State, 15 S. W. Rep., 172.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary. Exception in motion for a new trial was taken to the charge of the court. That portion of the charge criticised is thus reproduced:

"If, from the evidence, you believe beyond a reasonable doubt that the house mentioned and alleged in the indictment was occupied and controlled by Lizzie King, and that about the time and place alleged that defendant did, by force and breaking, enter said house, in the night time, and said house was then and there actually used as a private residence by said Lizzie King, and with the intent to fraudulently take corporeal personal property of value, then and there in said house, with the consent of said Lizzie King, and with the intent to deprive said Lizzie King of said property and the value and to appropriate the same and the value to the use and benefit of him the said defendant, then find him guilty," etc. That clause in the charge which says "with the consent of said Lizzie King" is not criticised in the motion for a new trial, but in said motion the expression "with the consent" is made to read "without the consent" but the charge is criticised in that it fails to instruct the jury they must find, among other things, that the property belonged to Lizzie King. The indictment charged that the burglary was committed with the intent to steal the property of Lizzie King in appropriate language. It was necessary for the court to instruct the jury with reference to the constituent elements of theft, among which will be found the ownership of the property. The evidence shows Lizzie King's ownership of the property to be special and not general. Her claim is that the property was in her possession as a pledge for the deferred and unpaid board bill of John Williams, and that she had charge and control of it at the time it was taken. The State introduced the witness Jeanette Scott, and proved substantially that on the night of the alleged burglary, she saw defendant in the house of Lizzie King, and told him to come out, and that he came out of a window, and had a bundle; that she asked him what he had, referring to the bundle; defendant told her he had his clothes; that the old lady, referring to Lizzie King, would not let him have them, and that he went in and got them. This was the State's witness, and was appellant's account of why he entered the house, and of his possession of the property, and the character of property. We are of opinion this called for a charge by the court to the effect that if he went in the house for the purpose of getting his own clothing, and secured them, and not the property of Lizzie King, that he would not be guilty of burglary under the charge in the indictment. Appellant testified also, in substance, that the clothing belonged to him, and not John Williams or Lizzie King. This should have been submitted to the jury, and upon the same theory that the other charge should have been given, or perhaps one charge embodying this idea in regard to the testimony of both witnesses would have been sufficient.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*